# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| NATIONAL ROOFERS UNION & EMPLOYERS JOINT HEALTH & WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SILVER STATE WATERPROOFING, LLC, *et al.*,<br><br>Defendants. | CASE NO.: 2:10-cv-02194-KJD-GWF<br><br>**JUDGMENT BY CONFESSION**<br><br>Date:<br>Time: |

Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession ("Stipulation"), it is hereby ORDERED, ADJUDGED AND DECREED that:

1.  The above-named Plaintiff Trust Funds (hereinafter "Plaintiffs" or "Trusts") shall take Judgment by Confession ("Judgment") against Defendant Silver State Waterproofing, LLC, ("Defendant"), for the sum of Thirty Four Thousand Three Hundred Eighty and 38/100 Dollars ($34,380.38) ("Judgment Amount"), which sum includes unpaid contributions, pre-judgment interest, liquidated damages, audit costs, court costs and attorney's fees. Interest shall accrue on the Judgment amount at the rate of seven percent (7%) per annum.

2.  The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under the terms of a written collective bargaining agreement ("Labor Agreement") between Silver State

Waterproofing, LLC and United Union of Roofers, Waterproofers and Allied Workers Local No. 162 ("Union"). This Judgment includes settlement of all known claims by Plaintiffs for fringe benefit contributions for work performed during the period August 2007 through December 2009 ("Audit Period"), plus interest, liquidated damages, attorney's fees and audit costs.

3. This Judgment is not intended to, and it does not, resolve, address or secure claims that are as yet unknown to the Trusts, including any claims that may later be revealed by Audit. The Trusts specifically reserve all Audit rights.

4. The Judgment Amount, including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Defendant through twenty-five (25) monthly installments, due on or before the fifth (1st) day of each month, the first of which is due on June 1, 2011 and the last of which is due on or before June 1, 2013, as follows:

    i. Payments One (1) through Twenty-Four (24) shall be remitted to the Trusts in the amount of $1,500.00 each, commencing on or before June 1, 2011 and on the first (1st) day of each month thereafter;

    ii. Payment Twenty-Five (25) shall be remitted to the Trusts in the amount of $1,015.13 on or before June 1, 2013.

Subject only to the Defendant's right to cure under Paragraph 9, the final payment of all unpaid portions of the Judgment Amount, in the scheduled amount of $1,015.13 (which includes interest scheduled to accrue), shall be increased to include any after-accruing attorney's fees incurred by Plaintiffs relating to this Judgment for collection of the amounts referenced herein, and shall be paid by the Defendant to Plaintiffs on or before June 1, 2013.

5. The payments toward the Judgment Amount required herein shall be made payable to "Roofers Trust Funds" and shall be remitted to Plaintiffs' attorney, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as the Defendant is notified in writing. Should any of Defendant's payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money

orders.

6. In addition to paying the Judgment Amount as required by the foregoing terms, the Defendant shall timely pay all contributions that fall due while any portion of the Judgment Amount remains unpaid (i.e., for hours worked by Defendant's covered employees while the Judgment Amount is being paid). The Defendant shall remit a monthly report to the Trusts listing hours worked by their covered employees, and shall submit a check to the Trusts to pay contributions owed for such hours. The reports and payments shall be delivered to the Plaintiffs or their designee(s) on or before the 15th day of the month following the calendar month in which the covered hours of work listed on the reports are performed.

7. The following potential claims are reserved by the Trusts: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by any of the Trusts for additional contributions and related damages that may be due and owing to any of the Trusts pursuant to the provisions of any collective bargaining agreement to which Defendant may be bound that requires the payment of contributions to the Trusts; (ii) the obligation of the Defendant or any trade or business under common control of such Defendant (to the extent such Defendant or any trade or business under common control with such Defendants has any obligation) to pay, and the rights of the Trusts to assess and collect, withdrawal liability pursuant to 29 USC § 1381 et. seq. (including the use of such Defendant's contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

8. The Defendant shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring a prepayment penalty. However, if Defendant makes early payments, the interest accruing on the declining Judgment Amount balance (which is already included in the payment amounts required hereunder) shall not be recalculated in the Defendant's favor.

9. Should the Defendant fail to satisfy any of the conditions in this Judgment, a written Notice of Default shall immediately be delivered to: Silver State Waterproofing, LLC,

7832 Brookfield Cove Avenue, Las Vegas, NV 89131. If the Defendant thereafter fails to make the required payment(s) or otherwise fail to comply with the conditions of such paragraphs within ten (10) days of the date of such Notice, Plaintiffs shall have the unconditional and immediate right to file and execute upon the Judgment for whatever amount then remains due and owing, including after-accruing attorney's fees, without further notice to the Defendant or Order from the Court and without first exercising the right to payment from Surety, described in Paragraph 10 below. In the event of Defendant's default and failure to cure, interest on any unpaid Judgment balance shall accrue at the rate of seven percent (7%) from the default date until paid in full.

10. Payment by the Defendant under the terms of this Judgment is Secured and Guaranteed by the licensing bond issued to Silver State Waterproofing, LLC by Defendant American Contractors Indemnity Company ("Surety"), Licensing Bond No. 1000762723 ($20,000.00) ("Bond"). In the event of default and failure to cure, Plaintiffs shall then be entitled to payment out of the penal sum of the Bond any unpaid Judgment balance, plus Default Interest accrued from the default date until paid in full. Such payment is limited to and shall not exceed the penal sum of the Bond. In the event of default and failure to cure, and before Surety shall have any obligation hereunder, the Plaintiffs shall provide written Notice of the default and failure to cure to Surety and the amount of the unpaid Judgment balance and calculation of Default Interest thereon, if any. Upon receipt of such Notice, Surety shall have ten (10) days to remit payment to the Plaintiffs.

11. Execution on the Stipulation and this Judgment shall be stayed through June 1, 2013, provided that payment in full is made by the Defendant in accordance with the terms of this Judgment.

12. Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment Amount, this obligation will have been satisfied and, upon receipt of a request therefor, Plaintiffs shall deliver to the Defendant a written Release and Satisfaction of Claims. Plaintiffs' Release and Satisfaction of Claims in favor of the Defendant shall not be executed nor delivered until all

1  of Defendant's obligations under this Judgment have been fully performed.

2      13.   Defendant has consulted the attorney of its choice and fully understands the
3  obligations and consequences of this Judgment.

4      DATED and done this 11th day of July, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE

Approved and Submitted by:

CHRISTENSEN JAMES & MARTIN

By:_____
Wesley J. Smith, Esq.
*Attorneys for Plaintiffs*

Dated: May ____, 2011

Approved as to Form and Content:

AMERICAN CONTRACTORS INDEMNITY COMPANY

By: _____

Its: _____

Date: May ____, 2011.

Approved as to Form and Content:

GORDON & REES, LLP

By: _____
Jon M. Ludwig, Esq.
*Attorneys for Defendants*

Date: May _____, 2011.

SILVER STATE WATERPROOFING, LLC

By: _____

Its: _____

Date: May _____, 2011.